J. M. GOODENOW v. M. E. FOSTER and R. H. ALLEN, Appellants.

**Labor Lien:** CHATTEL MORTGAGE: *Priorities.* Under Acts Twenty-third General Assembly, chapter 48, providing that, when one's business is suspended by the action of creditors, debts owing to laborers shall be preferred, where a steam thrasher is seized, and the business of the owner is suspended, by the holder of a purchase-money mortgage, a claim of the engineer for labor performed after the execution and recording of the mortgage is a preferred claim.

**Judgment on Stipulation:** WAIVER OF DEFECTIVE PETITION. Where a stipulation provides that, if a demurrer to the answer is sustained, judgment shall be rendered for the plaintiff on the petition for the amount claimed, and the demurrer is sustained, defendant cannot question the sufficiency of the petition.

**JOINT DEFENDANTS.** In an action against a mortgagee of personalty and his agent to enforce preferred claims for labor, under Acts Twenty-third General Assembly, chapter 48, the petition alleged that the agent seized and sold the property, and received the proceeds, and that the claims were presented to him. A stipulation was made that, if a demurrer to defendant's answer was sustained, judgment should be rendered for plaintiff on the petition. *Held,* that judgment was properly rendered against both defendants.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, MAY 22, 1899.

THIS appeal is by the defendants from a ruling sustaining plaintiff's demurrer to their answer, and the judgment rendered against them for want of further pleading.— *Affirmed.*

*W. A. Helsell* for appellants.

*R. M. Hunter* for appellee.

GIVEN, J.—I. The petition is in two counts, in substance as follows: The first alleges that between July 24 and October 13, 1896, the plaintiff performed work and labor for Herman Swanson, as engineer on a steam thresher, at two dollars per day, of which thresher Swanson was owner, and with which he was doing custom work, and that for said work there was a balance due to plaintiff of forty-one dollars and thirty-seven cents. In the second count he shows that there is due on a like claim seventy-six dollars and twenty-five cents for labor performed by Mel Wright as engineer on said thresher, and that said claim has been assigned to, and is the property of, the plaintiff. In each count he alleges that on October 13, 1896, said thresher was seized by the defendant Foster under a chattel mortgage executed thereon by Swanson to the defendant Allen, "and the business of said Swanson was suspended;" that on the twenty-first day of October, 1896, each of said claims, made out and verified as required by law, was presented by the claimants to said Foster; that on the twenty-third day of October, 1896, said Foster sold said property for six hundred dollars; that the costs were twenty dollars; that Allen knew said claims had been presented to Foster, and did not file any exceptions thereto; that Foster refused to pay said claims and turned over to Allen the proceeds of said sale, which Allen retains, and refuses to pay the plaintiff's claim. Plaintiff asked judgment for one hundred and seventeen dollars and sixty-two cents, with interest. Defendants answered without expressly

admitting or denying any of the allegations of the petition. They alleged in substance as follows: That on the twenty-second day of June, 1896, Allen, as agent of the Aultman Company, sold the thresher to Swanson; that Swanson then executed a chattel mortgage on said property, to secure the purchase price, to the Aultman Company, which mortgage was recorded on the twenty-third day of July, 1896, long before the work and labor were commenced to be performed, and that said labor was performed with full knowledge of said mortgage; that subsequently the Aultman Company assigned its rights to Allen; that Swanson made default in the payment, and that Allen was compelled to foreclose said mortgage; that the defendant Foster has in no instance done more than to act as agent or employe of Allen in his foreclosure proceedings; that there has been at no time more in defendants' hands than enough to satisfy said mortgage. They allege that neither plaintiff nor Mel Wright has at any time filed with the defendant Allen any sworn statement of the labor claimed for, and that Allen did file his verified exceptions with Foster against the payment of said claims on the ground set out in this answer, which exceptions were served December 29, 1896. The defendants conclude their answer as follows: "Therefore defendants say that the lien of plaintiff, if any he have, is junior and inferior to defendant's lien under his said mortgage and for purchase money." Plaintiff enumerates several grounds in his demurrer, which may be summed up as presenting the question whether, by reason of the mortgage being prior in date and recording to the performing of the work and labor, is entitled to priority.

II. We have no argument for appellee. Counsel for appellants insist that this case is unlike *Reynolds v. Black,* 91 Iowa, 1, for that in this case the labor was depreciating the property by use, while in that it was improving its value. It is insisted, for this reason, that the plaintiff is not within the provisions of chapter 48, Acts Twenty-third

General Assembly. It will be seen by what we have said of the answer that no such claim was made therein, and that the only defense set up was the claim that the lien of the plaintiff is junior and inferior to the lien under said mortgage. The answer does not deny the allegation that the business of Swanson was suspended by the seizure of the thresher, and the statute does not limit the rights of the laborer to labor performed in the betterment of the property. Under the pleadings, and the holdings 'in *Reynolds v. Black, supra,* the appellants were not entitled to priority under the mortgage.

Appellants further contend that the judgment is erroneous for that the petition was not sufficient to entitle the plaintiff to judgment. Counsel quote from chapter 96, Acts Twenty-fifth General Assembly, "No pleading shall be held sufficient on account of a failure to demur thereto," and insist that the petition is insufficient to sustain the judgment. The case was taken under advisement, under a stipulation providing, among other things, "If the demurrer is sustained, judgment shall be rendered for the plaintiff without evidence, on the petition, for the amount claimed." We think this contention cannot be considered, in the face of the stipulation.

It is further insisted that the court erred in rendering a joint judgment, but in view of the stipulation, and the fact, as shown by the petition, that Foster seized and sold the property, received the proceeds, and was notified of plaintiff's claims by the same being presented to him, we conclude there was no error in rendering judgment against both defendants. Discovering no error in the record, the judgment is AFFIRMED.